[No. 11710. Department Two. September 17, 1914.]

# C. H. HORNBURG, *Appellant*, v. J. M. SCHNATTERLY, *Respondent*.[1]

APPEAL—REVIEW—FINDINGS. Findings upon conflicting evidence will not be disturbed on appeal, where the evidence was all oral and given in open court, where the trial judge had opportunity to see and hear the witnesses testify.

Appeal from a judgment of the superior court for Spokane county, Holcomb, J., entered June 27, 1913, upon findings in favor of the defendant, in an action on promissory notes, tried to the court. Affirmed.

*John C. Kleber*, for appellant.

*John Pattison*, for respondent.

PARKER, J.—The plaintiff seeks recovery from the defendant upon two promissory notes given in part payment of the purchase price of an automobile in June, 1910. The defendant pleads accord and satisfaction, alleging the making of an agreement with the plaintiff by which the automobile was to be returned to the plaintiff and the debt evidenced by the notes thereby satisfied, in compliance with which agreement the automobile was returned to the plaintiff about December 1, 1910, and the agreement thereby fully executed on the part of the defendant. A trial before the court without a jury resulted in findings and judgment in favor of the defendant, from which the plaintiff has appealed.

There is nothing involved in this appeal other than questions of fact touching the making and execution of the accord and satisfaction agreement, as to both of which questions the testimony is in sharp conflict. We deem it sufficient to say that we have carefully reviewed the whole of the evidence contained in the record before us, and feel constrained to agree with the learned trial court in concluding

[1]Reported in 142 Pac. 1160.

that the debt evidenced by the notes was satisfied by the return of the automobile as claimed by respondent, in view of the fact that the evidence was all oral and given in open court, where the trial judge had opportunity to see and hear the witnesses testify. While the testimony of the appellant and respondent themselves was of such conflicting character, if standing alone, as to probably render respondent's defense of accord and satisfaction unavailing to him, in view of the burden of proof being upon him, we think the trial court was warranted in considering the testimony of other witnesses, though not wholly free from conflict, as preponderating in respondent's favor. See *Hackett v. Scott*, 59 Wash. 390, 109 Pac. 1030.

The judgment is affirmed.

CROW, C. J., MOUNT, FULLERTON, and MORRIS, JJ., concur.